O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUPERT HENRY EVANS, | Case Nos. CR 10-851-CAS - 1 |
| | CV 16-4510-CAS |
| Petitioner, | |
| v. | |
| | **ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## I. INTRODUCTION AND BACKGROUND

On August 11, 2011, Rupert Evans pleaded guilty to count one of the indictment which charged him with conspiracy to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), b(1)(A). Dkt. 259,[1] Presentence Investigation Report ("PSR"). As part of the plea agreement, Evans agreed to give up the right to appeal any sentence imposed by the Court, provided that the term of imprisonment imposed was not greater than 120 months. Dkt. 234. Evans also agreed not to file "a post-conviction collateral attack on

---

[1] All references to docket numbers are to those in criminal case number 10-cr-851.

the conviction of sentence" except if based on a claim of ineffective assistance of counsel. Id.

Section 841(b)(1)(A) provides for a mandatory minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A); see also PSR, ¶ 118. As set forth in the presentence investigation report, Evans's total offense level of 35 was based on the following: Evans's base offense level was 32, based solely on his conspiracy to distribute over 1,000 kilograms of marijuana; six levels were added due to specific offense characteristics and his role in the offense; and three levels were subtracted due to his acceptance of responsibility. PSR at 3. Evans's resulting sentencing guidelines range was 168 to 210 months' imprisonment. Id. On September 28, 2012, the Court sentenced Evans to 121 months imprisonment—one month above the mandatory minimum sentence. Dkt. 390.

On October 10, 2012, Evans filed a notice of appeal to the Ninth Circuit. Dkt. 406. On August 7, 2013, Evans requested that his appeal be dismissed, and the Ninth Circuit granted the request and dismissed the appeal stating that "this order served on the district court shall act as and for the mandate of this court." 9th Cir. Case No. 12-50479 Dkt. 10.

In October 2015, the parties stipulated to a sentence reduction of one month. Dkt. 462. As a result, Evans is serving the mandatory minimum sentence of 120 months imprisonment based on sentencing guidelines amendment 782 and pursuant to 18 U.S.C. § 3582(c).

On June 22, 2016, Evans filed a pro se letter inquiring whether the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), affected the constitutionality of his conviction or sentence. Dkt. 464. The government opposed what it construed as a motion filed pursuant to 28 U.S.C. § 2255, dkt. 468, and the Court ordered Evans to file a statement clarifying that he wished for his letter to be construed as a Section 2255 motion, dkt. 480. Evans did not file a response, and the Court dismissed the action on August 28, 2017. Dkt. 487.

On November 13, 2017, Evans filed the instant motion pursuant to Section 2255. CR Dkt. 490 (Mot.). Evans argues that the Court should not have imposed an

enhancement based on the finding that he was an organizer or leader of criminal activity. Id. at 9. Evans asks the Court to "re-sentence [him] to level 31 and impose a sentence of 108 months imprisonment." Id. at 15. The government filed an opposition on October 10, 2018. Dkt. 500 ("Opp'n"). A reply was due on November 12, 2018. Dkt. 495. Evans did not file a reply, but mailed a letter to the Clerk of Court dated October 30, 2018, asking the Court to appoint a public defender to assist him with his section 2255 motion.

## II. LEGAL STANDARD

A prisoner may move the court to vacate, set aside or correct his sentence if he can show "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

## III. DISCUSSION

A 1-year period of limitation applies to a motion brought pursuant to 28 U.S.C. § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Evans has not raised any arguments that, or pointed to any facts that would suggest that, one of the measuring dates provided for by subsections 2255(f)(2), (3), or (4) would apply. Therefore, the clock on his section 2255 motion began to run on the date that his judgment became final. For a federal habeas petitioner, a judgment becomes final and the period to file a section 2255 motion begins "upon the expiration of the time during which [the petitioner] could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). "In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4(b)(1)(A). Here, Evans filed an appeal with the Ninth Circuit and subsequently requested that his appeal be dismissed. The mandate issued on August 7, 2013. 9th Cir. Case No. 12-50479 Dkt. 10. Assuming that Evans could have sought certiorari review of his voluntarily-dismissed direct appeal, Evans's conviction became final no later than May 9, 2013—ninety days after the Ninth Circuit issued its mandate. See Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on § 2255's one-year limitation period . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Because Evans filed his motion on August 18, 2017, almost four years after his conviction became final, the motion is untimely.

The Ninth Circuit permits equitable tolling of the section 2255 statute of limitations "only if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The Ninth Circuit has stated that "district judges will take seriously Congress' desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Calderon v. United States Dist. Ct., 128 F.3d 1283, 1289 (9th Cir. 1997), cert. denied, 522 U.S. 1099, 118 S. Ct. 899 (1998), overruled on other

grounds, Calderon v. United States Dist. Ct., 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060, 119 S. Ct. 1377 (1999).

Defendant bears the burden of proving that he merits equitable tolling because his tardiness resulted from extraordinary circumstances. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005); Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Defendant has made no attempt to demonstrate "extraordinary circumstances" or otherwise to explain his failure to request relief from his sentence within the statute of limitations. Accordingly, Evans's section 2255 motion is barred by the one-year statute of limitations.[2]

With respect to Evans's request for the assistance of a public defender, the Court finds that appointing an attorney to assist Evans with his habeas motion is unnecessary because his motion is time-barred. Moreover, the Court finds that even if it were to reach merits of Evans's motion, his motion would fail because Evans is already serving the mandatory-minimum sentence of 120 months. Accordingly, Evans cannot demonstrate any prejudice due to his counsel's allegedly deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1987) (requiring a petitioner alleging ineffective counsel to show both that the counsel's performance was deficient and that he was prejudiced as a result). And Evans's argument that his total offense level was erroneously calculated is moot because he is currently serving the mandatory minimum sentence.

---

[2] Because the court concludes that Evans's motion is time-barred, it need not reach the government's further argument that Evans's claims are barred either by his failure to raise them in his appeal or by his collateral attack waiver. Opp'n at 5–8.

## IV. CONCLUSION

Based on the foregoing, the Court **DENIES** defendant's Motion.

**IT IS SO ORDERED.**

DATED: January 15, 2019

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE